PER CURIAM.

(No. 5619—

PHYLLIS C. BUTTACAVOLI, Administratrix of Estate of ANDREW J. BUTTACAVOLI, deceased, Claimant, *vs.* STATE OF ILLINOIS, DIVISION OF HIGHWAYS, Respondent.

*Opinion filed January 6, 1975.*

ARNOLD AND KADJAN, by DANIEL N. KADJAN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; MARTIN A. SOLL, Assistant Attorney General, for Respondent.

PERLIN, C. J.

This is an action for the wrongful death of one Andrew Buttacavoli, who died as a result of injuries received on August 18, 1968, when thrown from a motorcycle while riding eastbound on Illinois Highway Alternate 30, commonly known as Roosevelt Road, near First Avenue in Maywood, Illinois.

The pertinent portions of the complaint allege that on the date of the incident, Roosevelt Road was under the jurisdiction and control of the State of Illinois; that at the site of the accident, the highway was broken, jagged, and angulated; and that the respondent disregarded its duty to warn users of the highway of the hazardous condition. The complaint further alleges that as a result of respondent's failure to warn of the dangerous condition, the deceased's motorcycle struck a sewer cover which, because of the condition of the highway, had been raised above the surface of the highway, throwing the deceased to the pavement, and causing injuries which resulted in his death.

On August 18, 1968, the deceased, then 28 years old, and three friends were riding motorcycles eastbound on Roosevelt Road near First Avenue in Maywood, Illinois. Roy T. Swallow, one of the riders accompanying the deceased, testified that they were traveling about 30 miles per hour, the posted speed limit, and that the deceased was wearing a safety helmet. Swallow said that at a point about 200 feet west of a forest preserve entrance on Roosevelt Road, the deceased's motorcycle hit a sewer cover which was raised four to six inches above the plane of the road, and went out of control. The deceased was dragged several hundred feet by the motorcycle and was thrown into a sign post at the side of the road. Andrew Buttacavoli suffered multiple internal injuries as a result of the accident, and died a few hours thereafter.

Swallow identified a photograph of the sewer cover as an accurate portrayal of the accident site. The photograph shows that while the sewer cover was properly seated on the sewer, the pavement immediately sur-rounding the sewer was jagged and had erupted, forcing the sewer and the sewer cover four to six inches above the plane of the highway.

The deceased's brother, Robert Buttacavoli, testified that at the time of his death the claimant's decedent was a journeyman tool and die maker, was married and was the father of three children. He said that the decedent was in good health, had no chronic diseases, and was a good worker. It was shown that at the time of his death the decedent had a life expectancy of 42.6 years. The decedent's income tax returns were introduced into evidence, and showed that he earned $9,765 in 1966, $12,337 in 1967, and that for 1968 he would have earned $16,800.

The claimant also introduced into evidence, a letter from the State of Illinois Department of Public Works and Buildings, which stated that Roosevelt Road was a state constructed highway, and was "100% under the jurisdiction of the State of Illinois during the month of August, 1968."

Gary L. Doss, a police officer employed by the Village of Park Forest, testified for claimant that he had driven a motorcycle over the sewer cover in question many times, and had always received a severe jolt. He said that the sewer cover was raised about seven inches above the surface of the road, and that this condition had existed for at least one year prior to August, 1968.

On cross-examination, Doss stated that he had reported the condition of the road and sewer cover to the police dispatcher of Forest Park, but he did not know

whether the report was ever forwarded to the State of Illinois. The parties stipulated that Officer Doss had searched the records of the Forest Park Police Department, and was unable to find a copy of his report.

Marina De Michael, a supervisor for the Metropolitan Sanitary District of Greater Chicago, testified for respondent that the sewer cover in question belonged to the Sanitary District. He said that prior to the accident, they had no complaints concerning the sewer cover, and that ordinarily sewer covers belonging to the Metropolitan Sanitary District on state highways are maintained by the District.

Joseph Kostura, the Regional Safety Claims Administrator of the Illinois Department of Transportation, testified that the job of repairing a protruding manhole cover belonging to the Metropolitan Sanitary District, was the responsibility of the District, rather than the State of Illinois.

To recover damages for the death of her decedent, claimant bears the burden of establishing by a preponderance of the evidence that respondent breached a duty owed to Andrew Buttacavoli; that Andrew Buttacavoli was free of contributory negligence; and that the respondent's breach of its duty was the proximate cause of the death of Andrew Buttacavoli.

It is respondent's position that it cannot be charged with breaching a duty owed the claimant's deceased because the sewer cover involved in the accident was under the jurisdiction and control of the Metropolitan Sanitary District of Greater Chicago. However, claimant does not allege that the sewer cover per se was the cause of the occurrence, but rather that it was the broken, jagged, and angulated condition of Roosevelt Road which

forced the sewer cover above the plane of the highway, thus causing the accident. The evidence introduced by claimant supports these allegations. The photograph of the accident site shows that Roosevelt Road had erupted into a jagged plateau around the sewer, forcing the sewer and the sewer cover about six inches above the plane of the highway. The sewer cover itself rested firmly upon the sewer and constituted a danger to users of the highway only because of the condition of Roosevelt Road.

This case is thus readily distinguishable from *Smith and Hall* v. *State*, 22 C.C.R. 369, relied upon by respondent. There, the court sustained a motion to dismiss a complaint alleging injuries resulting from an automobile striking an open manhole cover on an Illinois road, on the ground that the manhole cover in question was under the jurisdiction of a municipality. Here, the manhole cover was in place, and firmly seated upon the sewer. The defective condition of Roosevelt Road, which forced the sewer cover above the plane of the highway, was the instrumentality that caused the accident.

Claimant has proven that Roosevelt Road was under the jurisdiction of the respondent at the time of the accident, and it is well established that the State is responsible for maintaining roads under its jurisdiction in a reasonably safe condition. *Shuck* v. *State of Illinois*, 25 C.C.R. 209. Officer Doss testified without contradiction that the defect in Roosevelt Road around the manhole cover had existed for approximately one year, and this is a sufficiently lengthy period to charge respondent with constructive notice of the existence of the dangerous condition. *Joyner* v. *State*, 22 C.C.R. 213, 217; *Gillespie* v. *State*, 25 C.C.R. 309. We find respondent negligent in failing to either correct the condition or post warnings of its existence.

Andrew Buttacavoli was traveling at the posted speed limit at the time of the accident, and was wearing a safety helmet. A toxicologist's report, introduced into evidence, revealed no trace of barbituates or alcohol in his blood. After a careful examination of the photograph of the accident site, we conclude that the dangerous condition of the highway was not so apparent to one lawfully proceeding upon the highway that Andrew Buttacavoli can be charged with contributory negligence in failing to avoid the manhole cover. The instant case can therefore be distinguished from *Schnell* v. *State*, 24 C.C.R. 257, where we held a motorcyclist contributorily negligent for failing to avoid a hole in the pavement which was six inches deep and approximately five feet in length and two to three feet in width, where other cyclists accompanying the claimant observed and avoided the hole.

We find that claimant has established that her intestate was free of contributory negligence, and that his death was proximately caused by the negligence of respondent.

At his death, claimant's intestate was 28 years old, had a life expectancy of 42.6 years, and left a wife and three children. His tax returns for 1966, 1967, and 1968, were introduced into evidence, and show that he was a steady wage earner. It is apparent that the monetary and personal loss to his survivors is substantial.

Claimant is hereby awarded the sum of $25,000.